| | | |
|---|---|---|
| 1 | CRAIG ORLAND LAKE<br>7951 Broadway<br>Lemon Grove, CA 91945<br>Telephone: (619) 279-1737<br>Facsimile: (619) 462-1833<br>E-Mail: colake@cox.net<br>In Pro Per | **NUNC PRO TUNC**<br>MAR 2 0 2008 |



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　v.<br><br>ONE BENTLEY FLYING SPUR SEDAN,<br>CALIFORNIA LICENSE NO. 5GAG721<br>VIN SCBBR53WX6C036543,<br>ITS TOOLS AND APPURTENANCES,<br>　　　　Defendant | Civil No. 07cv2100-DMS(AJB)<br><br>POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR RELIEF FROM ENTRY OF DEFAULT<br>(FCRP 55(c))<br><br>Date: March 20, 2008<br>Time: _____<br>Place: UNITED STATES DISCTRICT COURT<br>　　　　Southern District of California<br>　　　　Courtroom 10<br>　　　　940 Front Street<br>　　　　San Diego, CA 92101 |

1. Rule 55(c) provides that, "For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) authorizes a court to vacate the entry of default on the basis of, among other things, "mistake, inadvertence, surprise or excusable neglect…[or if] judgment is void." Fed. R. Civ. P. 60(b)(1), (4). Whether to grant a motion to vacate a default or set aside entry of default is within the sound discretion of the district court. **State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada**, 374 F.3d 158 (2d Cir.2004).

2. In the case of <u>Luarino v. Syringa General Hospital</u>, 00-35233 (9th Cir. Jan. 30, 2002). It was held that a court may relieve a party from judgment on the basis of excusable neglect. "The

determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. (Cases cited.)"

3. In applying the four factors to the facts in this case, claimant, CRAIG ORLAND LAKE, for defendant argues as follows:

   a. **Danger of prejudice:** The opposing party will suffer no detriment or prejudice. Discovery requests have been responded to and documents delivered to the plaintiff. The defendant has been seized. Further, plaintiff was made aware that claimant wished to litigate this matter by claimant for defendant's attempts to contact plaintiff.

   b. **The length of the delay and its potential impact on proceedings:** The delay in filing the answer, to date, is approximately two calendar months. The claimant for defendant attempted to contact plaintiff, by correspondence and telephone, which put plaintiff on notice as to claimant for defendant's position in the case and claimant for defendant's ill health. The potential impact on the proceedings in negligible and trial may be set at the court's convenience.

   c. **The reason for the delay:** As set forth in the declaration of CRAIG ORLAND LAKE, the reason for the delay was caused by the ill health of claimant for defendant.

   d. **Whether the movant acted in good faith:** Movant acted in good faith as demonstrated by his expending time and money in responding to plaintiff's initial discovery requests such as sending correspondence and initiating telephone calls.

For the reasons set forth above, the claimant for defendant respectfully requests that the court relieve defendant from default entered by the Clerk and grant permission to file the Answer to Complaint at a later time subject to any conditions or sanctions the court may deem appropriate.

Respectfully submitted:

Dated: 03-20-08                               _Cg O Lake_
                                              CRAIG ORLAND LAKE, In Pro Per